IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARIUS WILLIAMS,

                       Petitioner,                    OPINION and ORDER

    v.

                                              20-cv-812-jdp
UNITED STATES OF AMERICA,                     18-cr-70-jdp

                       Respondent.

---

     Darius Williams pleaded guilty to distributing heroin, in violation of 21 U.S.C. § 841, and I sentenced him to a 70-month term of imprisonment. He appealed the judgment and sentence, but he later voluntarily dismissed the appeal. Now Williams seeks relief under 28 U.S.C. § 2255 on the ground that his trial counsel provided ineffective assistance of counsel before he pleaded guilty and at sentencing. The case is before the court for screening under Rule 4 of the Rules Governing Section 2255 Cases, which requires me to evaluate whether Williams's petition crosses "some threshold of plausibility." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

     Williams identifies four grounds for relief in his petition: (1) "counsel failed to properly and fully investigate the facts and circumstances of the case"; (2) "counsel abjured in preparing and presenting matters in mitigation for and at sentencing"; (3) "counsel failed to consider or evaluate any defense or argument in mitigation"; and (4) "counsel did not act as a zealous advocate and otherwise abjured in properly representing" Williams at sentencing.

     Claims for ineffective assistance are governed by *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984), which requires Williams to show both that his counsel's performance was deficient under an "an objective standard of reasonableness" and that he was prejudiced,

meaning that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." To satisfy *Strickland* in the context of a guilty plea, Williams must show that counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that but for counsel's error, Williams would not have pleaded guilty, but would have insisted upon a trial. *Ward v. Jenkins*, 613 F.3d 692, 698 (7th Cir. 2010).

Williams's petition doesn't cross the threshold of plausibility because he doesn't provide any facts that support his petition. Even at the pleading stage, Williams must support his petition with more than vague and conclusory assertions. *See Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). For example, Williams doesn't identify what investigation counsel should have conducted; what facts counsel should have uncovered through that investigation; how those facts would have affected Williams's decision to plead guilty; what defenses counsel failed to inform Williams about; why those defenses would have changed Williams's decision to plead guilty; or what arguments counsel should have made at sentencing.

So I will dismiss Williams's petition without prejudice, and I will give him an opportunity to file an amended petition that includes the necessary facts to support his claim.

ORDER

IT IS ORDERED that petitioner Darius Williams's petition under 28 U.S.C. § 2255 is DISMISSED without prejudice. Williams may have until September 23, 2020, to submit an

amended petition that addresses the problems identified in this order. If Williams fails to respond by then, I will deny the petition and dismiss the case with prejudice.

Entered September 9, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge